**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DYRIO DEION LOWE,

      Plaintiff - Appellant,

v.

BILLY B. SOCKEY, JIMI AMOS, and
RON WARD,

      Defendants - Appellees.

No. 00-7109

(D.C. No. 99-CV-335-S)

(E. D. Oklahoma)

## ORDER AND JUDGMENT  *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

---

  * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dyrio Deion Lowe, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil action. The district court dismissed Mr. Lowe's action upon finding the action "frivolous." Rec. doc. 26, at 5 (Order, filed Sept. 29, 2000). Because, contrary to the conclusion of the district court, we conclude that at least some of Mr. Lowe's allegations are, in fact, not frivolous, we reverse. Our independent examination of the record does reveal, however, that Mr. Lowe has failed to exhaust certain administrative remedies. Based upon this failure to exhaust, we remand to the district court for dismissal of Mr. Lowe's action, without prejudice.

## I. BACKGROUND

In July, 1997 (the month of the conduct of which Mr. Lowe complains), Mr. Lowe was serving a term of imprisonment in the Oklahoma State Penitentiary in McAlester, Oklahoma (the "OSP"). On July 15, Mr. Lowe apparently became upset over limitations upon his access to the prison canteen. An altercation ensued between Mr. Lowe and several prison guards, including defendants Billy B. Sockey and Jimmie Amos. [1] As a result of the altercation, Mr. Lowe suffered a

---

[1] Mr. Amos' first name is apparently misspelled in the caption to this case. Also, from the record, it appears that Mr. Amos has never been served in this case; nevertheless, for ease of reference and because in any case we ultimately order the dismissal of Mr. Lowe's action, we will continue to refer to Mr. Amos

(continued...)

bruise and small contusion, both on his forehead. The prison guards escorted Mr. Lowe to the prison infirmary; infirmary personnel determined, however, that Mr. Lowe's injuries did not require medical attention.

One week later, on July 22, 1997, a prison disciplinary hearing resulted in a determination that Mr. Lowe's conduct during the July 15 altercation amounted to a battery. Mr. Lowe claims that he appealed this decision to the OSP warden yet received no response. Mr. Lowe further claims that, later, Oklahoma filed criminal charges, for the offense of battery, based upon Mr. Lowe's conduct during the July 15, 1997 incident. Mr. Lowe asserts that a jury acquitted him of those charges.

On July 6, 1999, Mr. Lowe filed this § 1983 civil action, alleging violations of his constitutional rights arising from the July, 1997 incidents at the OSP. More specifically, Mr. Lowe alleged: 1) violation of his Eighth Amendment right to be free from cruel and unusual punishment (based upon the alleged use, by the prison guards, of excessive force) and 2) violation of his Fourteenth Amendment right to due process (based upon the prison's alleged loss of his appeal from the disciplinary ruling).

---

[1](...continued)
as if a proper defendant in this case.

The district court concluded, however, that Mr. Lowe's action was "frivolous" and thus dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (requiring district courts to dismiss the action of any plaintiff proceeding in forma pauperis if the court "determines that . . . the action . . . is frivolous"). Rec. doc. 26, at 5 (Order, filed Sept. 29, 2000). Mr. Lowe now appeals that dismissal.

## II. DISCUSSION

We examine Mr. Lowe's unnecessary force and due process claims in turn. First, we conclude that the district court erred in dismissing, as frivolous and thus with prejudice, Mr. Lowe's unnecessary force claim under the Eighth Amendment. Nevertheless, the appellate record reveals (and even the district court order suggests) that Mr. Lowe has failed to exhaust his administrative remedies in regard to this claim. Thus, as to the unnecessary force claim, we ultimately remand for dismissal of this claim, without prejudice, pending Mr. Lowe's exhaustion of the available administrative remedies. Second, we conclude that Mr. Lowe failed to state a claim for violation of his Fourteenth Amendment right to due process. Thus, as to the due process claim, we remand for dismissal of this claim, with prejudice, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) (rather than for dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).

**A.     Eighth Amendment Claim**

**1.     Whether Mr. Lowe's Eighth Amendment Claim is Frivolous**

We begin with Mr. Lowe's claimed violation of the Eighth Amendment right to be free from cruel and unusual punishment. The district court deemed Mr. Lowe's contentions in this regard "frivolous" and thus dismissed Mr. Lowe's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Rec. doc. 26, at 5 (Order, filed Sept. 29, 2000). Our standard of review in regard to a dismissal on such grounds is somewhat uncertain. Prior to passage of Prison Litigation Reform Act of 1995 (the "PLRA"), the Supreme Court had directed that "frivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition" and, "[b]ecause the frivolousness determination is a discretionary one, . . . a [frivolousness] dismissal is properly reviewed for an abuse of . . . discretion." Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). Because the PLRA removed the discretionary language regarding dismissal for frivolousness (now mandating such a dismissal upon conclusion that the litigation is frivolous), we subsequently "question[ed] whether abuse of discretion is now the correct standard to apply." Basham v. Uphoff, No. 98-8013, 1998 WL 847689, at *4 n.2 (10th Cir. Dec. 8, 1998) (unpublished disposition) ("[A] determination of frivolousness may now be subject to de novo review . . ."); see also McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) (adopting, after considering the effect of the PLRA, the

-5-

de novo standard of review); Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 787 (7th Cir. 1995) ("En route to determining that a claim is frivolous, the district court must determine whether [the claim] is legally insufficient [–] an issue purely of law on which appellate review is plenary."). We need not resolve this issue, as we conclude that, under either the de novo or the abuse of discretion standard, the district court erred in labeling Mr. Lowe's Eighth Amendment claim "frivolous" under § 1915(e)(2)(B)(i).

The district court is not explicit in describing how the court arrived at the conclusion that Mr. Lowe's Eighth Amendment claim is frivolous; the court does allude, however, in the course of its order of dismissal, to three possible shortcomings of Mr. Lowe's sworn allegations: [2]

> 1) "To the extent defendants are sued in their official capacities . . . , plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State." Rec. doc. 26, at 1 n.1 (Order, filed Sept. 29, 2000).
>
> 2) "After a careful review of the record, the court finds Defendants Sockey and Amos did not use excessive force in restraining plaintiff after he attacked Sockey. Instead, they were subduing an agitated inmate who was choking a correctional officer." Id. at 3.

---

[2] In this case, neither party appended a copy of the district court order. While this responsibility is usually that of the appellant, see 10th Cir. R. 28.2(A)(1), where, as here, the appellant has failed to comply (and especially where, as here, the appellant is proceeding pro se), the appellee is required to itself append any relevant district court order(s), see 10th Cir. R. 28.2(B).

3) "[T]he allegations in plaintiff's complaint are vague and conclusory[] and the allegations do not rise to the level of a constitutional violation." Id. at 4-5.

We address the district court's concerns in turn. First, we agree with the district court that, to the extent Mr. Lowe seeks damages from Messrs. Sockey, Amos, and Ward in the official capacities of the respective defendants, the Eleventh Amendment indeed bars such a suit. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") (internal citation omitted). This conclusion, however, leaves open Mr. Lowe's Eighth Amendment claims against these defendants in the defendants' respective individual capacities.

Second, we find improper the district court's conclusion, at this stage of the litigation, that "Defendants Sockey and Amos did not use excessive force in restraining plaintiff after he attacked Sockey. Instead, they were subduing an agitated inmate who was choking a correctional officer." Rec. doc. 26, at 3 (Order, filed Sept. 29, 2000). Ordinarily, of course, at this stage of the litigation, we take as true the pleadings of all parties. See, e.g., McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276 (1976) ("Because the District Court dismissed this

-7-

case on the pleadings, we take as true the material facts alleged in petitioners' complaint."). That, however, is not entirely true in the context of a plaintiff proceeding in forma pauperis. Under § 1915, courts maintain the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of [such] cases are claims describing fantastic or delusional scenarios . . ." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Nevertheless, even in the § 1915 context, a court may not dismiss a complaint merely because the court finds the "allegations unlikely." Denton, 504 U.S. at 33. In reviewing a dismissal for frivolousness, we consider (1) "whether the plaintiff was proceeding pro se," (2) "whether the [district] court inappropriately resolved genuine issues of disputed fact," (3) "whether the [district] court applied erroneous legal conclusions," (4) whether the district court sufficiently explained the court's dismissal, and (5) "whether the dismissal was with or without prejudice." Id. at 34.

Here, we must conclude that the district court erred in resolving, at this stage of the litigation, disputed questions of material fact. Mr. Lowe, a prisoner proceeding pro se, maintains that Messrs. Sockey and Amos "started a struggle with the Plaintiff," "struck Plaintiff and beat [Plaintiff] while [Plaintiff was] on the floor and shackled," "beat [Plaintiff] up before and after he was taken to lock up," "hit [Plaintiff] while [Plaintiff was] being held by another officer,"

"rough[ed] up the Plaintiff," "used unnecessary force on Plaintiff," and "were deliberate[ly] indifferent to [Plaintiff's] rights guaranteed by the 8th and 14th Amendment[s to] the Constitution, subjecting [Plaintiff] to cruel and unusual punishment," all with the effect of inflicting "several injuries" (including the bruise and contusion, both to Mr. Lowe's forehead, and "permanent damage to [Plaintiff's] sight"). Rec. doc. 2 (Civil Rights Complaint, filed July 6, 1999) and 3 (Brief in Support of Complaint, filed July 6, 1999). In a report submitted by Messrs. Sockey and Amos, Mr. Lowe further claims that the defendants "kicked me in my face with restraints on" and that Mr. Sockey "spit on me and kicked me" after threatening: "'You going to pay for this you mother fucking nigger.'" Rec. doc. 13, Attachment G, at 3 (Special Report; Statement of Mr. Lowe to Prison Investigator Tina Martin). Mr. Lowe also alleges that, in a criminal trial, he was acquitted of committing a battery during the incident. As the district court's dismissal of Mr. Lowe's Complaint does not state otherwise, we presume the dismissal to be one with prejudice.

Given these facts, we find improper the district court's conclusion that "Defendants Sockey and Amos did not use excessive force in restraining plaintiff after he attacked Sockey." Rec. doc. 26, at 3 (Order, filed Sept. 29, 2000). Instead, we conclude that whether Mr. Lowe first attacked Mr. Sockey and whether Messrs. Sockey and/ or Amos used excessive force remain disputed,

material facts. The district court's own resolution of these facts cannot properly undergird the court's determination that Mr. Lowe's Eighth Amendment claim is frivolous.

Third, we cannot agree with the district court's conclusion that Mr. Lowe's Eighth Amendment allegations (1) are vague and conclusory or (2) fail to rise to the level of a constitutional violation. Mr. Lowe's filings identify the precise incident of which he complains and describe, in some detail, the conduct of the guards which, in Mr. Lowe's mind, establishes a violation of the Eighth Amendment. Particularly in light of the liberal rules of construction that characterize our interpretation of the filings of pro se complainants, Mr. Lowe's allegations (quoted, in part, above) cannot be fairly classified as "vague and conclusory." See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) ("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks omitted); see also Conley v. Gibson, 355 U.S. 41, 45-47 (1957) ("[A]ll the [Federal Rules of Civil Procedure] require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation marks and footnote

omitted); Foman v. Davis, 371 U.S. 178, 182 (1962) (reversing and remanding where the district court refused to permit a plaintiff to amend the plaintiff's complaint; emphasizing that "leave to amend shall be freely given when justice so requires") (internal quotation marks omitted).

As to whether Mr. Lowe's filings sufficiently allege a constitutional violation, we are confident that Mr. Lowe states a claim for violation of the Eighth Amendment right to be free from cruel and unusual punishment. Mr. Lowe alleges that prison guards initiated physical contact and proceeded to beat and injure Mr. Lowe through the use of unnecessary force, the use of which continued following Mr. Lowe's confinement in shackles. If established, such conduct would certainly constitute a violation of the Eighth Amendment. See, e.g., Hudson v. McMillan, 503 U.S. 1, 4, 6 (1992) (holding that excessive force inquiries depend not upon the extent of the injury to the plaintiff-inmate but, instead, on whether the given force was applied "in a good-faith effort to maintain or restore discipline" or "maliciously and sadistically for the very purpose of causing harm"); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (concluding that "[a] reasonable jury could [have] conclude[d] that the guards' behavior [fell] into the category of malicious and sadistic rather than a good faith effort to maintain or restore discipline," yet affirming, due to the plaintiff-inmate's inability to identify the relevant guards, a district court's grant of

-11-

judgment as a matter of law in favor of the prison guards); Sims v. Artuz, 230 F.3d 14, 22 (2d Cir. 2000) ("[A] prisoner who alleges facts from which it could be inferred that prison officials subjected him to excessive force, and did so maliciously and sadistically, states an Eighth Amendment claim on which he is entitled to present evidence."); Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) ("Although appellant's excessive force claim is weak and his evidence extremely thin, dismissal of the excessive force claim was inappropriate because there are genuine issues of material fact concerning what transpired after appellant was handcuffed and whether the guards maliciously used force against him.").

We must, then, conclude that the district court failed to state any ground upon which we might consider Mr. Lowe's Eighth Amendment allegation "frivolous" for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). Our own examination of the record likewise reveals no such ground upon which to rest a finding of frivolousness.

**2. Whether Mr. Lowe's Eighth Amendment Claim Is, Nonetheless, Premature Due to Mr. Lowe's Failure to Exhaust Available Administrative Remedies**

Having failed to identify any ground in support of the district court's determination that Mr. Lowe's Eighth Amendment claim is frivolous, we would ordinarily reverse and remand so that Mr. Lowe's suit might move forward. Here, however, our examination of the record convinces us that Mr. Lowe's Eighth

-12-

Amendment claim is premature in that Mr. Lowe has failed to exhaust certain available administrative remedies. Because 42 U.S.C. § 1997e requires exhaustion of such remedies prior to the initiation of a 42 U.S.C. § 1983 claim, we remand to the district court for dismissal, without prejudice, of Mr. Lowe's Eighth Amendment claim.

Section 1997e(a) requires that prisoners proceeding under § 1983 exhaust "such administrative remedies as are available" before bringing claims "with respect to prison conditions." A claim of excessive force is a claim "with respect to prison conditions" for purposes of § 1997e(a). See Porter v. Nussle, No. 00-853, 2002 WL 261683, at *10 (U.S. Feb. 26, 2002) (holding that § 1997e(a) "applies to all inmate suits about prison life, whether [those suits] involve general circumstances or particular episodes, and whether [those suits] allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (applying § 1997e(a) to a plaintiff-inmate's excessive force claim). Thus, § 1997e(a) requires that Mr. Lowe exhaust any available administrative remedies before pursuing the unnecessary force claim presented in this lawsuit.

Mr. Lowe filed his Complaint in this action on a pre-printed form captioned "Civil Rights Complaint." Rec. doc. 2, at 1 (Civil Rights Complaint, filed July 6, 1999). Section D(2) of the form (on page 3 of 5) specifically requests that the complainant answer "yes" or "no" as to whether the complainant has "sought

informal or formal relief from the appropriate administrative officials regarding the acts complained of in [the Complaint]." Id. at 3. If the complainant answers "no," the form requests an explanation of "why administrative relief was not sought." Id. Mr. Lowe elected to leave this section blank.

Messrs. Sockey, Amos, and Ward, for their part, have contended throughout this litigation that Mr. Lowe failed to exhaust such remedies. Specifically, the defendants contend that Mr. Lowe could have filed a Grievance pursuant to the Oklahoma Department of Corrections' Inmate/ Offender Grievance Process. Mr. Lowe, on the other hand, while he has asserted exhaustion of his remedies regarding his Fourteenth Amendment due process claim (alleging the attempted appeal of the resolution of the prison disciplinary hearing), has never asserted the exhaustion of the remedies available as to his Eighth Amendment claim. In other words, Mr. Lowe has never asserted his use and exhaustion of the Inmate/ Offender Grievance Process. Instead, Mr. Lowe has simply argued, as pertains to his Eighth Amendment claim, that he "need not exhaust state remedies." Rec. doc. 15, at 1 (Response to Defendants' Motion to Dismiss/ Motion for Summary Judgment, filed Nov. 17, 1999).

As noted above, however, Mr. Lowe must indeed exhaust any available administrative remedies. See § 1997e(a). We must conclude that, at least in regard to Mr. Lowe's Eighth Amendment claim (as, indeed, the district court

-14-

itself observed), " plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies." Rec. doc. 26, at 4 (Order, filed Sept. 29, 2000).

While the district court erred in dismissing Mr. Lowe's unnecessary force claim as frivolous, dismissal (though this time without prejudice) is in fact appropriate as to that claim, pending Mr. Lowe's exhaustion of all available administrative remedies.

**B.     Fourteenth Amendment Due Process Claim**

We turn, secondly, to Mr. Lowe's claim that Messrs. Sockey, Amos, and Ward violated his Fourteenth Amendment right to due process. Mr. Lowe insists that he filed a timely appeal of the July 22, 1997 prison discipline hearing in which he was adjudged guilty of committing a battery during the July 15 altercation. Since prison officials never responded to that alleged appeal, Mr. Lowe concludes that those officials lost the appeal and, by so doing, deprived him of his right to due process. This allegation fails, however, to state a claim for relief, as the Supreme Court has already    determined that there simply exists no due process right to such an appeal.     See  Wolff v. McDonnell  , 418 U.S. 539, 564-66 (1974) (limiting the due process rights inherent in a prison disciplinary hearing to the rights to (a) at least twenty-four hours advance written notice of the

claimed violation, (b) an opportunity to call witnesses and to present documentary evidence, and (c) a written statement by the factfinder detailing the evidence upon which the factfinder relied and the reasons for any disciplinary action).  Mr. Lowe's claim thus could have been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) ("fails to state a claim on which relief may be granted"); we need not consider the propriety of the dismissal of this claim as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

For the foregoing reasons, we VACATE the district court's Order of September 29, 2000 and REMAND with directions to (1) dismiss Mr. Lowe's Eighth Amendment excessive force claim, without prejudice, for failure to exhaust all available administrative remedies, as required by 42 U.S.C. § 1997e(a) and (2) dismiss Mr. Lowe's Fourteenth Amendment due process claim, with prejudice, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Entered for the Court,

Robert H. Henry
Circuit Judge