ORDER AND JUDGMENT*
HARTZ, Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Pro se plaintiff Billie Elliott, an inmate at the Lansing Correctional Facility in Lansing, Kansas, appeals the district court’s dismissal of his 42 U.S.C. § 1983 complaint. We exercise jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand this matter to the district court for further proceedings.
I. Background
Under Kan. Admin. Regs. 44-12-601(q)(3), prison officials at the Lansing Correctional Facility are required to censor, and not permit into the facility, all publications mailed to inmates which contain obscenity. Kan. Admin. Regs. 44-12-313(b) defines “obscenity” as follows:
Any material is obscene if the average person applying contemporary community standards would find that the material, taken as a whole: (1) appeals to the prurient interest; (2) has patently offensive representations or descriptions of (A) ultimate sex acts, normal or perverted, actual or simulated, including sexual intercourse or sodomy; or (B) masturbation, excretory functions, sadomasochistic abuse, or lewd exhibition of the genitals; and (3) would not be considered by a reasonable person to have serious literary, educational, artistic, political, or scientific value.
This definition is in accordance with the definition of obscenity articulated by the United States Supreme Court in Miller v. California, 413 U.S. 15, 24-25, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).
As we understand his complaint, plaintiff is not challenging the prison officials’ authority to censor and exclude obscene materials from the prison. Instead, plaintiff alleges that defendants have acted in an arbitrary and capricious manner in censoring non-obscene publications and correspondence that were mailed to him at the prison; that defendants have seized publications and correspondence without promptly notifying him of the decisions to withhold the materials from him; that defendants have converted his publications and correspondence for their own personal use; and that defendants have treated him differently from other inmates because other inmates have been permitted to receive the same or similar types of non-obscene pornographic materials. Plaintiff alleges that defendants have thereby violated his rights under the First and Four *222 teenth Amendments; he seeks to recover damages and has requested both declaratory and injunctive relief.
In support of the allegations in his complaint, and as evidence that he has exhausted all available administrative remedies, plaintiff attached documentation to his complaint which shows the following:
1. On September 30, 1999, plaintiff submitted grievance No. AA20000209, complaining that employees in the prison’s mail room had seized and censored his copy of the December 1999 issue of Hawk magazine. Plaintiff claimed that the issue was not obscene and should not have been censored since it did not contain any photographs showing sexual penetration. He further claimed on appeal that another inmate at the prison had been permitted to receive a copy of the issue. On appeal to the Secretary of Corrections, a designee of the secretary determined that it was not necessary to take any action on plaintiffs grievance because the warden’s office had advised that plaintiff was permitted to receive the issue.
2. On October 11, 1999, plaintiff submitted grievance No. AA20000254, complaining that employees in the prison’s mail room had seized and censored his copy of the December 1999 issue of Hawk magazine. On appeal to the Secretary of Corrections, a designee of the secretary determined that it was not necessary to take any action on plaintiffs grievance because the issue was not being censored.
3. On October 28, 1999, plaintiff submitted a property damage claim, No. AAD105772, seeking to recover the $10.00 cost of the December 1999 issue of Hawk magazine. On appeal to the Department of Corrections, a designee of the department recommended disapproval of the claim because the issue had been approved and there was no proof it had not been sent to plaintiff.
4. On February 7, 2000, plaintiff submitted grievance No. AA20000599, complaining that employees in the prison’s mail room had seized and censored his copy of the April 2000 issue of Hawk magazine and thereby violated his rights under the First Amendment. On appeal to the Secretary of Corrections, a designee of the secretary determined that the issue contained photographs depicting full sexual penetration and was properly censored as containing obscenity.
5. On February 28, 2000, plaintiff submitted grievance No. AA20000671, complaining that employees in the prison’s mail room had seized and censored his copy of the May 2000 issue of Hawk magazine and thereby violated his rights under federal law. On appeal to the Secretary of Corrections, a designee of the secretary determined that the issue contained photographs depicting oral sexual penetration and bodily fluids and was properly censored as containing obscenity.
6. In March 2000, plaintiff submitted grievance No. AA20000713, complaining that he had ordered a back issue of the December 1999 issue of Hawk magazine and been permitted to receive the back issue, but his copy of the back issue was subsequently confiscated by a prison official. On appeal to the Secretary of Corrections, a designee of the secretary determined that the back issue was properly confiscated because it contained obscenity in the form of photographs depicting simulated sexual activity and discharged sexual fluids, and the prior determination that plaintiff was permitted to receive the issue was in error. (On March 14, 2000, plaintiff submitted a similar grievance regarding the confiscation of the back issue, No. *223 AA0000723, and it was resolved on the same grounds as grievance No. AA0000713.)
7. On March 10, 2000, plaintiff submitted grievance No. AA20000724, complaining that he had received a censor notice informing him that he could no longer receive pen pal correspondence from an individual in Pennsylvania and that a letter from the individual had been seized. On appeal to the Secretary of Corrections, a designee of the secretary determined that the prison did not have a per se ban on pen pal correspondence and that the letter had been improperly seized.
8. On May 19, 2000, plaintiff submitted grievance No. AA20000942, complaining that employees in the prison’s mail room had, without providing any prior notice to him, seized letters and photographs sent to him from a woman in Rhode Island and returned the letters and photographs to her. Plaintiff claimed the photographs were of women in panties or swimsuits and that none of the photographs contained pictures depicting sexual penetration or bodily fluids. On appeal to the Secretary of Corrections, a designee of the secretary determined that no further action was necessary because a prison official had advised that the mail room had not censored any of plaintiffs mail and returned it to the sender and plaintiff had failed to show that this was incorrect.
9. On May 19, 2000, plaintiff submitted grievance No. AA20000943, complaining that he had not received his copy of the August 2000 issue of Hawk magazine or a censor notice regarding the issue. The basis of plaintiffs grievance is unclear, however, because he did not claim that the employees had thereby violated his rights under federal law or the governing state regulations regarding obscenity. On appeal to the Secretary of Corrections, a designee of the secretary determined that the issue was properly seized and censored because it contained photographs depicting oral sexual penetration and bodily fluids resulting from sexual activity and was properly censored as containing obscenity-
10. Plaintiff filed property damage claims with the Joint Committee on Special Claims against the State, Nos. 4781 and 4859, seeking to recover the cost of the initial and backup issues of the December 1999 issue of Hawk magazine. In June 2000, the committee denied the claims.
(In addition to the grievances summarized above, plaintiff also attached copies of a number of other grievances to his complaint. We need not address the additional grievances, however, because they do not pertain to any of the claims asserted in plaintiffs complaint.)
In September 2001 the district court entered a sua sponte order dismissing plaintiffs complaint under 28 U.S.C. § 1915(e)(2)(B). (Section 1915 applied to the district court proceedings because the court granted plaintiffs motion for leave to proceed in forma pauperis.) First, under § 1915(e)(2)(B)(i), the court found that plaintiffs First Amendment claims were frivolous. The court based its frivolousness determination on its review of the documents attached to plaintiffs complaint. According to the court, “[t]he grievance responses show adequate and reasonable bases for the decision to censor the materials in question under the standards set out in [Kan. Admin. Regs.] 44-12-313, and the complaint and attachments provide no support for arbitrary and capricious rule-making.”
Second, with respect to plaintiffs claim that defendants converted his magazines *224 for their own personal use, the court found that the claim was “wholly unsupported,” and thus frivolous under § 1915(e)(2)(B)(i). According to the court, “[t]he record suggests only that defendants retained the material to inspect its contents. Such a review is necessary to apply the [obscenity] standards set forth in the state regulations.”
Third, with respect to plaintiffs claim that defendants seized publications and correspondence without promptly notifying him of the decisions to withhold the materials from him, the court found that plaintiff failed to exhaust fully his notice claim in the prison grievance proceedings. Thus, the court determined that the claim was barred by 42 U.S.C. § 1997e(a).
Finally, in accordance with § 1915 (e) (2) (B) (ii), the court found that plaintiff had failed to state an equal protection violation. According to the court, “the record suggests only that a single issue of a magazine confiscated from plaintiffs mail was delivered to another inmate and that plaintiff successfully challenged a single instance of the withholding of pen pal correspondence.... [T]he court finds the limited nature of the alleged inequality is simply insufficient to support a claim of purposeful discrimination.”
II. Analysis
1. First Amendment Claims
We review the district court’s dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. See McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir.1997); but see Basham v. Uphoff, No. 98-8013, 1998 WL 847689, at *4 n. 2 (10th Cir. Dec. 8, 1998) (unpublished) (questioning whether de novo standard of review should apply to dismissals under § 1915(e)(2)(B)(i) in light of the changes to the statute under the Prison Litigation Reform Act of 1995); Lowe v. Sockey, No. 00-7109, 2002 WL 491731, at *2, 36 Fed. Appx. 353 (10th Cir. Apr. 2, 2002) (unpublished) (same). The standard of review is not determinative of this appeal, however, because we reach the same conclusions under either the de novo or the abuse-of-discretion standard of review.
Under § 1915(e)(2)(B)(i), district courts have the “unusual power to pierce the veil of the complaint’s factual allegations and dismiss those claims whose factual contentions are clearly baseless.” Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (construing former § 1915(d)). Nonetheless, a district court may not dismiss a complaint as frivolous “simply because the court finds the plaintiffs allegations unlikely.” Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).
In other words, the ... frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts[,] ... [and] a court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]
Id. at 32-33 (internal quotation marks and citations omitted).
Despite these limitations, we agree with the district court that plaintiffs First Amendment claims concerning the April, May, and August 2000 issues of Hawk magazine are frivolous. The documentation of the administrative proceedings regarding these issues reflects that the prison authorities censored them because they *225 contained material meeting the applicable definition of obscenity. Although plaintiff made vague and conclusory references to alleged violations of the First Amendment and federal law in the grievances he filed concerning the April and May 2000 issues, he never challenged, or even addressed, the prison authorities’ obscenity findings with respect to the April, May, and August 2000 issues, nor does he challenge them in his complaint. Accordingly, we affirm the dismissal of plaintiffs First Amendment claims with respect to the April, May, and August 2000 issues of Hawk magazine.
We also agree with the district court that plaintiffs First Amendment claim concerning the December 1999 issue of Hawk magazine is frivolous. While the administrative history of what happened to the December 1999 issue is somewhat long and tortured, the prison authorities ultimately determined that it too was properly censored as obscene under the applicable regulations. Specifically, the prison authorities determined it contained obscene materials including “photographs depicting simulated sexual activity and discharged sexual fluids” that qualified as obscenity under the applicable regulations. See grievance No. AA20000713 at 10. Although plaintiff has persistently asserted that the December 1999 issue should not have been censored because it failed to show “sexual penetration,” he has never disputed the prison authorities’ determination that the issue contained other types of obscenity. We therefore conclude that plaintiffs First Amendment claim with respect to the December 1999 issue of Hawk magazine was properly dismissed as frivolous.
We disagree, however, with the district court’s determination with respect to plaintiffs First Amendment claim concerning the letters and photographs that he alleges were sent to him from the woman in Rhode Island. On the present record, there is a factual dispute concerning whether employees in the prison’s mail room censored the letters and photographs and returned them to the sender. Thus, we must reverse the dismissal of this aspect of plaintiffs First Amendment claim.
The district court also read plaintiffs complaint as alleging an additional First Amendment violation—that defendants interfered with his mail by applying arbitrary and capricious rules which exceeded their authority under the governing state regulations. The district court ruled that this claim was unexhausted because plaintiff failed to assert it in the grievances he filed with prison officials. To the extent that the arbitrary-and-capricious allegation raises a new claim, we agree with the district court. As we read the complaint, however, this allegation is merely a paraphrase of the contention that the prison officials failed to comply with governing obscenity regulations. In any event, even if our understanding is correct, we need not further address the arbitrary-and-caprieious allegation, because it does not raise a claim independent of the claims already discussed in this opinion.
2. Conversion Claim
The district court concluded that plaintiffs conversion claim was frivolous because “[t]he record suggests only that defendants retained the material to inspect its contents.” Yet the record before this court does not show what the prison officials did with the materials they seized or what ultimately happened to the materials. Accordingly, we must reverse the dismissal of plaintiffs conversion claim.
In reversing the dismissal of plaintiffs conversion claim, we intend no comment on the issue of whether the claim is even cognizable under 42 U.S.C. § 1983, an issue the district court did not address. *226 Likewise, assuming the conversion claim is based on state law, we express no opinion as to whether the district court must or may exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367.
3. Procedural Due Process Claim
In grievances Nos. AA20000942 and AA20000943, plaintiff claimed the prison officials failed to notify him that they were going to destroy or return a publication and letters with photographs that had been mailed to him at the prison. The record does not refute these claims. Plaintiff is apparently contending that, as a matter of procedural due process, he should have had the opportunity to request a hearing, or some other comparable remedy, before the items were destroyed or returned.
The district court dismissed plaintiffs procedural due process claim under 42 U.S.C. § 1997e(a), finding that he had failed to exhaust the claim fully in the prison grievance proceedings. We review de novo a dismissal for failure to exhaust administrative remedies. Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir.2000), overruled on other grounds by Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Our review of the record reveals that plaintiff specifically raised the lack-of-notice issue in his initial prison grievances and in his appeals of the denials of the grievances. See grievances Nos. AA20000942 at 2, 7 and AA20000943 at 1, 5. Thus, we must reverse the dismissal of plaintiffs procedural due process claim.
4. Equal Protection Claim
In his complaint, plaintiff alleges that defendants have treated him disparately by allowing other inmates to receive and keep certain publications and pen pal correspondence, while at the same time censoring the same or similar materials when they were sent to him. The district court dismissed plaintiffs equal protection claim under § 1915(e)(2)(B)(ii) for failure to state a claim.
We review de novo the district court’s decision to dismiss a [claim] under § 1915(e)(2)(B)(ii) for failure to state a claim. Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se appellant’s complaint liberally.
Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir.2002) (internal quotation marks and citations omitted).
The Supreme Court has “recognized successful equal protection claims brought by a ‘class of one,’ where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.” Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). Plaintiff, however, has failed to allege that the difference in treatment was intentional. Given our liberal construction of pro se pleadings, we might overlook this failure as mere inartful pleading. But, as the district court noted, plaintiff’s grievances do not “support a claim of purposeful discrimination.” On the contrary, they suggest that the disparate treatment he allegedly received was the result of haphazard, arbitrary decision making, not wrongful *227 intent directed at him personally. We therefore hold that plaintiffs equal protection claim was properly dismissed for failure to state a claim.
The judgment of the district court is AFFIRMED in part, REVERSED in part, and this matter is REMANDED for further proceedings. The district court granted plaintiffs motion to proceed in forma pauperis on appeal, payable in partial payments. We remind plaintiff of his obligation to continue making partial payments until the entire fee is paid.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.