**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY TRAVIS TRIPLETT,

      Plaintiff - Appellant,

v.

LINDA J. TRIPLETT,

      Defendant - Appellee.

No. 05-3354
(D.C. No. 04-CV-2223-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Plaintiff-Appellant Roy Triplett, proceeding *pro se*, appeals the district

court's dismissal of his complaint as frivolous. Exercising jurisdiction under 28

U.S.C. § 1291, we AFFIRM.

**BACKGROUND**

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Triplett sought and was granted *in forma pauperis* status in the district court. He filed a *pro se* complaint on May 20, 2004, stating that

> [t]he plaintiff seeks relief for personal injury pursuant to a non-jury magistrate hearing to judgment on all FRCP (Rule 60(a)) final judgments, to which have secured previous civil and criminal trial court rulings on matters related to Title 42 U.S.C. § 1983, 362 personal injury medical malpractice, 440 civil rights violations, 1974 Social Security Act, 430 Banks and Banking, 820 copyrights, 830 patent, and 840 trademark. The plaintiff states that true identity of person, rewards, and accolades has been illegally concealed, under minor-incompetent status of law, and the misuse of identity has occurred as legal defect. . . .

> The plaintiff seeks relief in the personal injury demand pursuant to misuse of identity, inclusive of banking fraud, and invasion of privacy. The full financial relief in the amount concurrent to all findings of F.R.C.P. Rule 60(a) final judgments, not to exceed $1.2 billion.

In the words of the district court, "[t]he remainder of plaintiff's complaint and his subsequent pleadings contain similar incoherent statements."

Even giving Triplett's pleadings the liberal construction afforded to a *pro se* petitioner, the court concluded that it could not "divine a viable claim from plaintiff's complaint." Noting that "plaintiff's complaint and his subsequent pleadings consist of little more than unintelligible ramblings," the court found that "plaintiff's complaint does not rest on any cognizable legal interest." The court therefore dismissed the complaint a frivolous under 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

As a threshold matter, we must determine whether Triplett's notice of appeal is timely.  A notice in a civil case must be filed within thirty days of the entry of the order or judgment that is being appealed.  See Fed. R. App. P. 4(a)(1)(A).  The district court's order and judgment dismissing Triplett's complaint was entered on August 9; his notice of appeal was not filed until September 9—thirty-one days later.  However, on August 16, Triplett filed a memorandum with the district court that the court construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  See Venable v. Haislip, 721 F.2d 297, 299 (10th Cir. 1983) ("Regardless of how it is styled, a post-judgment motion filed within ten days of entry of judgment that questions the correctness of a judgment is properly construed as a Rule 59(e) motion.") The district court denied this motion on August 22.

A Rule 59 motion causes the thirty-day period for filing a notice of appeal to be tolled until the disposition of that motion.  See Fed. R. App. P. 4(a)(4)(A)(iv).  As Triplett's notice of appeal was filed within thirty days of the district court's disposition of his memorandum, his notice is timely.

We next consider the district court's dismissal of Triplett's complaint as frivolous.  A district court "shall dismiss" an *in forma pauperis* complaint "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  "Mindful that pro se actions are held

- 3 -

to a less stringent standard of review and that sua sponte dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed [as frivolous] if the plaintiff cannot make a rational argument on the law and facts in support of her claim." Whitney v. New Mexico, 113 F.3d 1170, 1172 (10th Cir. 1997) (quotations, alterations omitted). We review such a dismissal for an abuse of discretion. McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997).[1]

On appeal, Triplett presents no intelligible argument that the district court abused its discretion in dismissing his appeal as frivolous. After reviewing his pleadings below and his brief on appeal, we, like the district court, cannot divine a viable legal claim. Thus the district court properly dismissed the complaint as frivolous.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED. Triplett's "Motion for Appeal," which we have construed as a motion to file a supplemental brief, is DENIED. This appeal shall be considered a strike under 28 U.S.C. § 1915(g).

---

[1]We have questioned whether a *de novo* standard of review should apply to frivolousness dismissals in light of the Prison Litigation Reform Act of 1995. See, e.g., Lowe v. Sockey, No. 00-7109, 2002 WL 491731, at *2 (10th Cir. Apr. 2, 2002) (unpublished); Basham v. Uphoff, No. 98-8013, 1998 WL 847689, at *4 n. 2 (10th Cir. Dec. 8, 1998) (unpublished). We need not resolve this issue, as we reach the same conclusion under either standard. See Elliott v. Cummings, 49 F. App'x 220, 224 (10th Cir. Oct. 9, 2002).

- 4 -

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge