**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAWN LA'VELLE ROLLINS,

    Plaintiff - Appellant,

v.

SUSAN FISCH; GREGORY
HOLLOWAY,

    Defendants - Appellees.

No. 17-1029
(D.C. No. 1:16-CV-02871-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Shawn La'Velle Rollins, a federal prisoner, appeals the dismissal of his claims

for money damages against the public defender and the federal prosecutor in his case.

Rollins brought his claims pro se[1] and had *in forma pauperis* (*ifp*) status at the district

court. The district court dismissed his claims as legally frivolous under 28 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Rollins is proceeding in this action pro se, we construe his pleadings liberally, but we do not serve as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

§ 1915(e)(2)(B)(i). We affirm the dismissal, deny Rollins's request for *ifp* status on appeal, and assess a second strike under 28 U.S.C. § 1915(g).

In his complaint and in his appeal, Rollins alleges a willful and purposeful conspiracy to deprive him of his civil rights during the criminal proceedings against him in state and federal court. More specifically, Rollins alleges that the federal prosecutor violated his rights by not informing Rollins about his pending federal indictment and that his public defender was constitutionally ineffective for not discovering that violation. Rollins brought his claims under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1985(3) and seeks only money damages as relief.

The district court rejected these claims for a host of deficiencies, most notably that such actions for money damages are barred if the underlying conviction or sentence has not been reversed, invalidated, expunged, or somehow called into question. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). That obstacle made Rollins's claim legally frivolous, and because Rollins is proceeding with *ifp* status, 28 U.S.C. § 1915(e)(2)(B)(i) mandates that frivolous claims be dismissed sua sponte. The district court also certified that any appeal of the dismissal would not be in good faith and denied *ifp* status for appeal. Rollins moved for the district court to reconsider the dismissal, but the district court denied the motion for the same reasons as in its first order. Rollins appealed and seeks *ifp* status.

A claim made with *ifp* status is frivolous if it is based on a meritless legal theory or baseless factual contentions. *Schlicher v. Thomas*, 111 F.3d 777, 779

2

(10th Cir. 1997). We generally review a § 1915 frivolousness dismissal for abuse of discretion, unless the dismissal turns on a legal issue and then we review *de novo*. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).[2] Our review should examine whether "factual allegations could be remedied through more specific pleading" and therefore whether a "district court abused its discretion by dismissing the complaint with prejudice or without leave to amend." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In his appellate brief, Rollins has done nothing to remove the legal obstacle that blocked his claims at the district court: his underlying conviction and sentence have not been called into question and so his money-damage claims, which necessarily imply that his conviction and sentence were invalid, are barred. *See id.*; *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Instead, Rollins merely reiterates the purposefulness and the magnitude of the wrongs perpetrated against him. He can point to no prior invalidation of his conviction or sentence. Rollins previously tried to invalidate his sentence by bringing these same claims in a 28 U.S.C. § 2255 habeas

---

[2] Though, in two unpublished cases, we have also called that standard into doubt, seeing as the Supreme Court case that created it, *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992), was based on an older version of the relevant statute. *Lowe v. Sockey*, 36 F. App'x 353, 356 (10th Cir. 2002) (unpublished); *Basham v. Uphoff*, No. 98-8013, 1998 WL 847689, at *4 n.2 (Dec. 8, 1998) (unpublished). *Denton* found that § 1915 gave the district court discretion over *ifp* frivolousness dismissals, but the 1995 Prison Litigation Reform Act (PLRA) removed the discretionary language from the statute. *Lowe*, 36 F. App'x at 356. The Sixth Circuit has found that the PLRA now compels a *de novo* review standard. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). We find that Rollins's claims would be frivolous under either standard, and so do not decide the standard-of-review issue.

corpus petition, but we rejected them as time-barred (by denying Rollins a certificate of appealability for them). *United States v. Rollins*, No. 15-1459 (10th Cir. Mar. 3, 2016) (unpublished).

A finding in that § 2255 Order also blocks a final possible avenue for Rollins's money-damage claims. We have held that if a petitioner has no available habeas corpus remedy "through no lack of diligence on his part," the normal bar that a valid conviction and sentence presents to a 42 U.S.C. § 1983 or *Bivens* claim is removed. *Cohen v. Longshore*, 621 F.3d 1311, 1316-17 (10th Cir. 2010). But when we denied Rollins's claims in his § 2255 petition, we noted in a discussion about equitable tolling that Rollins failed to show that he exercised due diligence in discovering the facts underlying his claims. *Rollins*, No. 15-1459 at 10-12. So the exception discussed in *Cohen* does not apply and the validity of his conviction and sentence bars Rollins's claims for money damages. The claims, then, are based on a meritless legal theory and the district court was right to dismiss them as legally frivolous.

Rollins was initially granted leave to proceed with *ifp* status in this action, but then lost that status for appeal when the district court found his claims frivolous and certified that any appeal would not be in good faith. *See* 28 U.S.C. § 1915(a)(3). But even a party who has been certified as not appealing in good faith can request *ifp* status on appeal so long as he shows both a financial inability to pay and a reasoned, nonfrivolous argument, and follows the procedure mandated by Fed. R. App. P. 24(a)(5). *Rolland v. Primesource*

4

*Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).[3] But we agree with the district court that Rollins has not shown the existence of a reasoned, nonfrivolous argument and so he cannot proceed on *ifp* status.

Finally, 28 U.S.C. § 1915(g) prohibits prisoners from bringing civil actions or appeals under *ifp* status if the prisoner has, on three or more occasions, brought an action or appeal that was dismissed because it was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." For his claims at the district court, Rollins was assessed his first strike under § 1915(g). We now assess a second strike for this frivolous appeal. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). We urge Rollins to consider more carefully when to file lawsuits and appeals, so that if more meritorious circumstances ever arise for a civil suit in federal court, *ifp* status will not be

---

[3] "Upon its face, § 1915(a)(3) would appear to foreclose our consideration of [a motion to proceed IFP]; its mandatory language denies the availability of an appeal in forma pauperis upon the district court's certification of a lack of good faith, and it provides no escape hatch of appellate review or reconsideration. Federal Rule of Appellate Procedure 24(a)(5), on the other hand, purports to expressly permit our consideration of [such] a motion . . . . The palpable conflict between these provisions is resolved in favor of the procedures dictated by Rule 24(a)(5), by virtue of the fact that its most recent reenactment postdates that of § 1915(a)(3)." *Rolland*, 497 F.3d at 1078.

automatically foreclosed for him.

Entered for the Court


Gregory A. Phillips
Circuit Judge