**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONATHAN D. STONE,

      Plaintiff - Appellant,

v.

JEFFERSON COUNTY DETENTION
FACILITY; JEFFERSON COUNTY
SHERIFF'S DEPARTMENT,

      Defendants - Appellees.

No. 20-1311
(D.C. No. 1:20-CV-00835-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Pro se plaintiff Jonathan Stone appeals the dismissal by the United States District

Court for the District of Colorado of his complaint asserting claims under 42 U.S.C.

§ 1983 against the Jefferson County Detention Facility and Jefferson County Sheriff's

Department. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Stone was a pretrial detainee at the Jefferson County Detention Facility. His complaint alleges that in February 2020 he was working in his "module" at the facility when an inmate from another module attacked him without provocation, causing serious injuries that required hospitalization for five days. He alleges that Defendants provided "inadequate supervision and control of subordinates" at the time of the attack, Aplt. App. at 21, that one deputy "did not try as hard as he should have to separate the scuffle before serious injury occurred," *id.* at 22, and that the deputies should have known not to bring the other inmate from a different module because "there is an active keep separate order" in the facility's information database, to which all deputies have access, *id.* at 19–20. He claims that his Eighth Amendment rights were violated by the deliberate indifference of jail personnel.

The magistrate judge assigned to the case reviewed the complaint under 28 U.S.C. § 1915, identified certain deficiencies, and, on June 1, 2020, issued an order giving Mr. Stone 30 days to file an amended complaint (the June 1 Order). Several days later the court received a letter from Mr. Stone in which he stated that he was no longer detained at the Jefferson County Detention Facility and that he did not yet have a permanent address, although he would have one soon. He provided a phone number. The June 1 Order was later returned to the court as undeliverable. Mr. Stone never filed a new complaint.

On July 9, 2020, the magistrate judge filed a report and recommendation recommending that Mr. Stone's complaint be dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). It advised Mr. Stone that he had 14 days after service to raise

2

any objections and that failure to file written objections could bar de novo review by the district judge and preclude further appellate review. A copy sent to Mr. Stone was returned as undeliverable, and Mr. Stone filed no objections to it. On August 6, 2020, the district court adopted the report and recommendation and dismissed the action. The district court's order also was returned as undeliverable. On September 3, Mr. Stone filed this appeal.

On appeal Mr. Stone asserts that he never responded to the June 1 Order because he was homeless and had no address where he could receive mail. He asks us to "reinstate" his case. Aplt. Br. at 2, 4. He also has filed a motion to proceed in forma pauperis.

"This court has adopted a firm waiver rule which provides that a litigant's failure to file timely objections to a magistrate's [report and recommendation] waives appellate review of both factual and legal determinations." *Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999) (internal quotation marks omitted). But because Mr. Stone asserts that he "had no address to receive mail," Aplt. Br. at 2, "[f]or purposes of this appeal we will assume that [Mr. Stone] did not receive the magistrate's report through no fault of his own and address this case on the merits," *Bryant v. Scott*, 216 F.3d 1086, 2000 WL 827696, at *1 (10th Cir. 2000) (unpublished table opinion).

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion," unless the dismissal turns on an issue of law, in which case we

3

review de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).[1] Under either standard, we agree with the district court that Mr. Stone's claims were inadequately pleaded. As the magistrate judge said, the defendants named in Mr. Stone's complaint—the Jefferson County Detention Facility and the Jefferson County Sheriff's Department—are not suable entities under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (City of Denver Police Department "is not a separate suable entity"), *cert. granted, judgment vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986). And even if we construe the complaint to assert claims against Jefferson County itself, Mr. Stone fails to allege that any county policy or custom caused his injuries and therefore fails to satisfy the requirements for holding the county liable. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). For these reasons, the district court did not err in dismissing Mr. Stone's complaint.[2]

As for Mr. Stone's alleged homelessness, if he was in fact homeless, and if that homelessness prevented him from receiving and timely responding to the district court's orders, he may have grounds to reopen the deadline by which he must amend his

---

[1] We note, however, that "in two unpublished cases, we have . . . called [the abuse-of-discretion] standard into doubt, seeing as the Supreme Court case that created it, *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992), was based on an older version of the relevant statute." *Rollins v. Fisch*, 696 F. App'x 856, 858 n.2 (10th Cir. 2017) (citing *Lowe v. Sockey*, 36 F. App'x 353, 356 (10th Cir. 2002), and *Basham v. Uphoff*, No. 98-8013, 1998 WL 847689, at *4 n.2 (10th Cir. Dec. 8, 1998)). Because Mr. Stone's appeal fails even under de novo review, we need not address the proper standard of review.

[2] Because we affirm on the above grounds, we have no need to consider whether Mr. Stone's allegations meet the deliberate-indifference standard necessary to state a failure-to-protect claim. *See Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994).

4

complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."). But even though we are sensitive to the challenges faced by a homeless pro se litigant, this is not the proper court to examine the facts and consider relief in the first instance. *See Sabol v. Snyder*, 524 F.2d 1009, 1011 (10th Cir. 1975) ("It is obviously not the function of the appellate court to try the facts or substitute for the trial court in the determination of factual issues."). Mr. Stone did not challenge in district court any of that court's orders on the grounds of homelessness, and no evidence was submitted on the matter. Even after entry of judgment, he could have sought relief through a motion under Federal Rule of Civil Procedure 60(b), but he did not.[3]

We **AFFIRM** the district court's order dismissing the complaint. We also **GRANT** Mr. Stone's motion to proceed in forma pauperis, but we remind him of his obligation to continue making partial payments until the entire appellate filing fee is paid.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[3] We perceive nothing in the Federal Rules that would prevent Mr. Stone from filing such a motion in the district court after the resolution of this appeal.

5