FILED
United States Court of Appeals
Tenth Circuit

July 18, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID MONCLA,

      Plaintiff - Appellant,

v.

ROBERT KELLEY; ROBERT
SAPIEN; RUSSELL STENSENG,

      Defendants - Appellees.

No. 11-3078
(D.C. No. 5:09-CV-03137-MLB-KGG)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

---

David Moncla, a state inmate appearing pro se, appeals from the district

court's grant of summary judgment in favor of various prison officials on Mr.

Moncla's complaint seeking compensatory and punitive damages based upon the

violation of his due process rights. Moncla v. Kelley, No. 09-3137-MLB, 2011

WL 686129 (D. Kan. Feb. 11, 2011). He also appeals the district court's decision

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

denying his motion to disqualify opposing counsel due to conflict. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

The parties are familiar with the facts, and we need not restate them here. Briefly, in a 2007 disciplinary hearing, Mr. Moncla was found guilty of using stimulants. See Kan. Admin. Reg. § 44-12-312. Prior to the hearing, Mr. Moncla's classification and employment status were changed by Defendant Sapien. The disciplinary hearing officer (Defendant Kelley) based his decision on Mr. Moncla's testimony, a urinalysis, testimony from the canteen supervisor that the canteen no longer sold the over-the-counter medications which Mr. Moncla claimed to have taken, and the disciplinary report. The disciplinary hearing officer did not allow Mr. Moncla to call two exculpatory witnesses including his doctor, nor were certain items produced that Mr. Moncla claimed were exculpatory. As sanctions, Mr. Moncla was placed in disciplinary segregation for 30 days, lost three months of good-time credits, and was fined $20.

Mr. Moncla contends that he appealed his disciplinary conviction, and a rehearing was ordered by the Secretary of Corrections, only to be withdrawn later based upon false information provided ex parte by Defendant Stenseng. Aplt. Br. at 4. After Mr. Moncla sought habeas relief from the state district court, the corrections department agreed to provide Mr. Moncla with a new hearing in

which he could call witnesses.  After that 2009 disciplinary hearing, another hearing officer dismissed the case, and the $20 fine was returned.  The hearing officer wrote that he was unable to determine whether Mr. Moncla was innocent or guilty, but that the issue of false positives should have been explored at the original hearing.  1 R. 329.

On appeal, Mr. Moncla argues that the district court erred in: (1) holding that Mr. Moncla's due process rights were not violated, (2) not recognizing a protected property interest in Mr. Moncla's prison account, fines, fees, and interest, (3) basing its opinion on factual errors, (4) dismissing Defendant Sapien, (5) rejecting a claim of fabrication that was not asserted, (6) dismissing Defendant Stenseng in his individual capacity, (7) holding that Mr. Moncla lacked standing to raise a conflict of interest by Defendants' counsel, and (8) not striking Defendants' late response to Mr. Moncla's motion to strike.  Aplt. Br. at 6-24.

Discussion

We review a district court's grant of summary judgment de novo to determine whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  We view the evidence in the light most favorable to the non-moving party, but disputes about immaterial issues of fact will not preclude summary judgment.  See Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1977). Essentially, Mr. Moncla disputes whether a urinalysis occurred, notwithstanding evidence to the contrary, 1 R. 297-98, 300-01, his complaint stating that he did provide a urine sample to medical personnel, id. at 9, and his signed retesting agreement, id. at 67. It appears that the real dispute is over who collected the specimen and the chain of custody. Be that as it may, the district court's judgment must be affirmed.

Though Mr. Moncla disputes the adequacy of the second hearing, he was allowed to call witnesses, present evidence, and obtain a favorable outcome—dismissal of the charges and return of the $20 fine. See Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir. 1992) (per curiam); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (per curiam). While we recognize that Mr. Moncla was placed in disciplinary segregation for 30 days and lost three months of good-time credits, he lacks a liberty interest regarding either. The segregation does not constitute an atypical and significant hardship in the prison context–it was imposed for ostensible violation of prison drug policy, it was determinate (30 days), apparently not under extreme conditions, and did not increase Mr. Moncla's duration of confinement. See Sandin v. Conner, 515 U.S. 472, 486 (1995); Estate of DiMarco v. Wyo. Dep't of Corr., 473 F.3d 1334, 1342 (10th Cir. 2007). As for the loss of good time credits, Mr. Moncla was ineligible for such credits given his conviction for a class A felony. See Kan. Admin. Reg. § 44-6-114(c)(2).

Mr. Moncla also challenges related actions (based upon testing positive,

rather than after a disciplinary hearing) which changed his classification and employment status, but he lacks a liberty interest in either. See Hewitt v. Helms, 459 U.S. 460, 468 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Penrod v. Zavaras, 94 F.3d 1399, 1406-07 (10th Cir. 1996).

Mr. Moncla lacks a protectable property interest in a $20 drug retesting fee, a $3 state court filing fee, or any interest that could have been earned on these amounts. Nor does he have a protectable property interest in any interest that could have been earned on the returned fine. The district court incorrectly assumed that the $20.00 drug retesting fee and the $20.00 disciplinary fine are the same. Apparently they are not. See Aplee. Br. at 17-18.

Whether Mr. Moncla has a protected property interest in funds removed from his prison account depends upon whether any deprivation imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life. Clark v. Wilson, 625 F.3d 686, 691 (10th Cir. 2010) (adopting Sandin for property interests in the prison context). We agree with the district court's premise that $20.00 expended by Mr. Moncla for retesting does not constitute a deprivation: Mr. Moncla was informed that he would be required to pay in the event of a positive test and made a voluntary choice. 1 R. 301. Likewise, the state-court filing fee for the state district court was not a deprivation. These expenditures were not part of any sanctions imposed by the prison disciplinary process.

Insofar as the $20 disciplinary fee that was later returned and the interest that might have been earned, we hold that a temporary deprivation (while the prison administrative process provides due process) does not constitute an atypical or significant hardship under Sandin. See Webster v. Chevalier, 834 F. Supp. 628, 630-31 (W.D.N.Y. 1993). Any lost interest on the $20.00 fee is de minimis. See Fuentes v. Shevin, 407 U.S. 67, 90 n.21 (1972) (requiring due process for all but de minimis deprivations).

In light of our disposition, none of the factual mistakes Mr. Moncla claims the district court made in its order are material to our disposition. The claims against Defendant Sapien cannot proceed in light of a lack of a protected liberty interest in Mr. Moncla's classification or employment status. Mr. Moncla informs us that he was not asserting a fabrication claim so we need not address his argument that the district court abused its discretion in rejecting it as a new claim. As for error in dismissing Mr. Stenseng (for interfering with the disciplinary appeals process), an inmate lacks a liberty interest in any appeals process; hence no particular process is due. See Lowe v. Sockey, 36 F. App'x 353, 360 (10th Cir. 2002) (unpublished). Finally, the district court did not abuse its discretion in holding that Mr. Moncla lacked standing to raise a joint representation issue (concerning counsel's sharing a settlement offer to an individual defendant with the corrections department) and considering a response which was one day late.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge