**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

J. C. BERRY,

  Plaintiff–Appellant,

v.

STATE OF OKLAHOMA;
DEPARTMENT OF CORRECTIONS;
DIRECTOR JUSTIN JONES; MIKE
ADDISON, Warden; SAM PRESTON,
Unit Mgr; LORI KILL, Case Mgr,

  Defendants–Appellees.

No. 12-6105
(D.C. No. 5:11-CV-00034-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

  J.C. Berry, a state prisoner appearing pro se, appeals following dismissal of his 42

---

  * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1983 suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons set forth by the district court.

## I

Berry was convicted of first degree murder in Oklahoma state court in 1991. The judgment and conviction form states that Berry is responsible to "pay the costs of his prosecution." However, a space provided for the amount of costs was left blank.

In 2010, Lori Kill, a case manager at the prison in which Berry was housed, prepared an Offender Financial Responsibility Plan for Berry. Under Oklahoma Department of Corrections ("ODOC") procedures, prison staff are responsible for preparing and periodically updating these plans, which require inmates to meet their financial obligations while incarcerated. Ten percent of an inmate's earnings are withheld to pay criminal court costs under the pertinent regulations. Because Berry's judgment indicated that court costs were due but did not provide an amount, Kill accessed Oklahoma's "On Demand Court Records" website, which indicated Berry owed $3,123.06. She accordingly submitted a plan requiring that ten percent of Berry's income be withheld to pay these costs.

Berry submitted a grievance objecting to this plan in which he claimed Kill had fabricated documents to extort money from him. The grievance and Berry's subsequent administrative appeals were denied. Berry then filed suit in federal district court claiming that numerous defendants violated his Eight and Fourteenth Amendment rights, as well as

the Ex Post Facto Clause, by withholding funds to pay his court costs.  Berry further

alleged that defendants conspired to violate his constitutional rights.  Following

submission of a special report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.

1978) (en banc), the district court granted summary judgment in favor of the defendants.

Berry now appeals.

## II

We review a district court's grant of summary judgment de novo.  Kan. Penn

Gaming, LLC v. HV Props. of Kan., LLC, 662 F.3d 1275, 1284 (10th Cir. 2011).  "We

will affirm a grant of summary judgment if there is no genuine dispute of material fact

and the prevailing party is entitled to judgment under the law."  Id. (quotation and

alteration omitted).

The district court correctly concluded that the State of Oklahoma and the ODOC

are immune from suit under the Eleventh Amendment.  Oklahoma has not consented to

be sued in federal court.  See Okla. Stat. tit. 51, § 152.1.  And § 1983 does not abrogate

states' sovereign immunity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66

(1989).  The ODOC is also shielded by sovereign immunity because it is an arm of the

state.  See Eastwood v. Dep't of Corrs., 846 F.2d 627, 631-32 (10th Cir. 1988).

We also agree with the district court that Berry's claims against the individual

defendants are meritless.  The Ex Post Facto Clause "forbids the imposition of

punishment more severe than the punishment assigned by law when the act to be

punished occurred." Weaver v. Graham, 450 U.S. 24, 30 (1981). Berry contends that the imposition of court costs violated the Ex Post Facto Clause, apparently based on his belief that such costs were not imposed at the time of his trial. His understanding is incorrect. Berry's judgment indicates that court costs were imposed, but the tabulation of these costs occurred post-judgment, consistent with Oklahoma law. See Okla. Stat. tit. 28, § 101 (providing that if a defendant does not pay court costs, "the total amount owed shall be entered upon the judgment docket"). This statute pre-dated Berry's offense, and thus no ex post facto violation occurred.

Berry also fails to present a genuine dispute as to his due process challenge. To prevail on a § 1983 claim, a plaintiff must show that the defendants personally participated in a constitutional violation, see Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996), or "personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance," Beedle v. Wilson, 422 F.3d 1059, 1074 (10th Cir. 2005). But the court costs at issue were imposed by an Oklahoma state court following a jury trial—not by any of these defendants. See Moncla v. Kelley, 430 F. App'x 714, 717 (10th Cir. 2011) (unpublished) ("[T]he state-court filing fee for the state district court was not a deprivation. These expenditures were not part of any sanctions imposed by the prison disciplinary process.").

Nor has Berry brought forth any facts suggesting the defendants engaged in cruel and unusual punishment in violation of the Eight Amendment. To prevail on such a

-4-

claim, Berry was required to adduce evidence showing that he suffered harm "sufficiently serious to implicate the Cruel and Unusual Punishment Clause." Callahan v. Poppell, 471 F.3d 1155, 1159 (10th Cir. 2006). He has not done so. And because Berry has not established a constitutional violation, his § 1983 conspiracy claim also fails. See Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir. 1995) ("In order to succeed on [a § 1983 conspiracy] claim, [a plaintiff] must prove both the existence of a conspiracy and the deprivation of a constitutional right.").

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge