**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD HAROLD, individually and as the widower and next of kin for wife, the late Olive Harold,

     Plaintiff - Appellant,

v.

UNIVERSITY OF COLORADO HOSPITAL; CITY AND COUNTY OF DENVER; MAYOR MICHAEL HANCOCK; DENVER DEPARTMENT OF HUMAN SERVICES; DON MARES; DENVER DEPARTMENT OF HUMAN SERVICES, ADULT PROTECTION UNIT; JUANITA-RIOS JOHNSTON; QUALITY PARTNERS HEALTH CARE SERVICES, LLC; VIVAGE QUALITY HEALTH CARE PARTNERS; HIGHLINE REHABILITATION & CARE CENTER; JEFFREY A. RICHARDSON; KIM M. RUSSELL; LISA MARIE DIPONIO; DAVID M. BERNHART, JR. ESQ.; REBECCA PARKER; TAMMY MONTGOMERY; ERIN EGAN; STACY GIBBS; DERRIC MONTANO,

     Defendants - Appellees.

No. 16-1314
(D.C. No. 1:15-CV-01919-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Ronald Harold has waged a protracted, pro se legal battle against the people and institutions that he holds responsible for the death of his wife, Olive Harold. In 2015, Mrs. Harold died while a ward of the state living at the Highline Rehabilitation and Care Community in Denver, Colorado. Mr. Harold asserts constitutional claims based on the State's making his wife its ward, on the State's obtaining civil protection orders against him, and for the State's mistreating him and his wife while she was a ward. Under 42 U.S.C. § 1983, he sues against an array of defendants, from the City and County of Denver to the medical professionals who attended to his wife. Despite Mr. Harold's detailed allegations, the district court has repeatedly concluded that they lack merit, asking Mr. Harold several times to revise them to state actionable claims. Mr. Harold has twice sought and been denied appointed counsel. After giving Mr. Harold these opportunities to amend, the district court resolved the case based on Mr. Harold's Second Amended Complaint, dismissing all his asserted claims as legally frivolous. Because each of the claims fails to meet some requirement of § 1983, we must agree.

## BACKGROUND

### A. Olive Harold

In October 2014, Olive Harold was admitted to the University of Colorado Hospital, suffering from a urinary-tract infection. While there, she attracted the attention

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Denver County Adult Protection Services. In December, the Denver Probate Court granted Adult Protection services a temporary, two-month guardianship of Mrs. Harold. Mrs. Harold was moved to the Highline Rehabilitation and Care Center (Highline), also in Denver. Mr. Harold apparently got into an escalating series of disputes with various officials about his wife's status and treatment and his visiting rights. The Denver Probate Court held that Mrs. Harold should be a ward of the state and issued temporary and then permanent civil protection orders against Mr. Harold. On November 12, 2015, Mrs. Harold died at Highline.

## B.     Ronald Harold's Lawsuit

On September 3, 2015, Mr. Harold sued Highline and the other defendants in federal court, soon before his wife's death. A magistrate judge found his Complaint deficient and ordered Mr. Harold to try to cure several of its deficiencies. On October 23, 2015, Mr. Harold filed an Amended Complaint, as well as a Motion for Leave to Proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. The magistrate judge again ordered Mr. Harold to amend to cure deficiencies in his Amended Complaint. Before doing so, Mr. Harold filed an Emergency Motion to stay the protection order against him and to move his wife to a different facility. The district court denied both motions, finding that it had no subject-matter jurisdiction to overturn decisions of a state probate court. The magistrate judge then denied as premature Mr. Harold's request for counsel, which had been pending since the first Complaint.

On January 13, 2016, after two time extensions, Mr. Harold filed his second Amended Complaint. The magistrate judge granted Mr. Harold IFP status, and ordered

3

him to amend his Amended Complaint. Mr. Harold asked for another time extension and again asked for appointed counsel. The magistrate judge granted additional time, but denied appointed counsel. On the last day for Mr. Harold to file a third Amended Complaint, he instead asked for more time to file it, so he could obtain his wife's medical records. He also requested that the court order release of those medical records to him. The magistrate judge, citing the early stage of the case and the hundreds of pages Mr. Harold had already filed without stating a claim, declined to order the release of the medical records, but granted Mr. Harold a final 30-day extension to file a third Amended Complaint. The court also warned that "any additional unreasonable delay tactics will be frowned upon by the court and may result in dismissal of this action." R., vol. 1 at 218.

Despite this warning, Mr. Harold waited until the last business day before the June 3, 2016 deadline to seek yet another time extension. This time the district court refused to grant it and noted that it could dismiss Mr. Harold's action without prejudice for failure to follow a court order. Instead, the district court turned to Mr. Harold's second Amended Complaint, concluded that all claims were legally frivolous, and dismissed them with prejudice under 28 U.S.C. § 1915. Mr. Harold appealed.

## DISCUSSION

### A.     Time Extension

Mr. Harold based his final request for a time extension—the only one denied—on his alleged need to review transcripts from the Denver Probate Court. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). We review denials of such extensions for an abuse of discretion.

*Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998). Mr. Harold alleges that he needed extra time to review the transcripts of the seven Denver Probate Court hearings (he now appears to have all seven) because they concern the State's making his wife a ward of the state and its obtaining civil protection orders against him. This may well be true, but the probate-hearing transcripts could not support his claims under § 1983. As the courts have repeatedly explained to Mr. Harold, the *Rooker-Feldman* doctrine prevents lower federal courts from reviewing state-court judgments if the federal suit depends upon the federal courts rejecting those state-court judgments. *See, e.g.*, *Campbell v. City of Spencer*, 682 F.3d 1278, 1281-84 (10th Cir. 2012). Mr. Harold has not indicated how the Denver Probate Court transcripts could supply a valid jurisdictional basis to overturn the local court's decisions about Mr. Harold and his wife in a § 1983 action. So the district court did not abuse its discretion in denying what surely would have been a futile time extension.

## B.    Appointed Counsel

Mr. Harold twice requested and was denied appointed counsel. The district court has discretion on the appointment of counsel for those who cannot afford it. 28 U.S.C. § 1915(e)(1). We review the refusal to appoint counsel for an indigent plaintiff in a civil case for abuse of discretion. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The plaintiff has the burden of demonstrating that his claim is sufficiently meritorious to warrant appointed counsel. *Id.* "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* at 839. Mr. Harold has not met his burden. His claims may be factually complex, but

5

despite repeated attempts, he has not managed to state the basic elements of a § 1983 claim. The magistrate judge had discretion to consider the legal merits of Mr. Harold's claims in weighing the appointment of counsel and, finding none, did not abuse its discretion in twice denying counsel.

## C.    § 1983 Claims

Because Mr. Harold was proceeding IFP when he filed his complaints, 28 U.S.C. § 1915(e)(2)(B)(i) mandates that the district court dismiss his claims if it determines that they are frivolous. An IFP claim is frivolous if it is based on a meritless legal theory or baseless factual contentions. *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). We generally review a § 1915 frivolousness dismissal for abuse of discretion, unless the dismissal turns on a legal issue and then we review *de novo*. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).[1] Our review should examine whether "factual allegations could be remedied through more specific pleading" and therefore whether a "district court abused its discretion by dismissing the complaint with prejudice or without leave to amend." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

---

[1] Though, in two unpublished cases, we have also called that standard into doubt, seeing as the Supreme Court case that created it, *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992), was based on an older version of the relevant statute. *Lowe v. Sockey*, 36 Fed. Appx. 353, 356 (10th Cir. 2002) (unpublished); *Basham v. Uphoff*, No. 98-8013, 1998 WL 847689, at *4 n.2 (Dec. 8, 1998) (unpublished). *Denton* found that § 1915 gave the district court discretion over IFP frivolousness dismissals, but the 1995 Prison Litigation Reform Act (PLRA) removed the discretionary language from the statute. *Lowe*, 36 Fed. Appx. at 356. The Sixth Circuit has found that the PLRA now compels a *de novo* review standard. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (*Partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). We find that Mr. Harold's claims would be frivolous under either standard, and so do not decide the standard of review issue.

Mr. Harold's second Amended Complaint presented thirty-nine claims for relief against twenty defendants.[2] Even construing the allegations liberally because Mr. Harold was pro se, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the district court rejected all the claims. Mr. Harold brought two types of claims: those on behalf of his wife and those on behalf of himself. The district court dismissed the former because the § 1983 claims of a deceased Colorado victim must be brought by the personal representative of the victim's estate, and Mr. Harold has not shown himself qualified to act in that capacity. *See Cobello v. Pelle ex rel. Boulder Cty. Bd. of Comm'rs*, No. 06-cv-02600-MJW-MEH, 2008 WL 926522, at *3 (D. Colo. March 31, 2008) (unpublished).

The district court broke Mr. Harold's claims made on his own behalf into seven categories and dismissed each for a § 1983 deficiency. First, Mr. Harold's claim against the Denver Probate Court Judge Elizabeth Leith was barred by absolute judicial immunity. That claim could have proceeded only if Mr. Harold showed that Judge Leith had acted non-judicially or in the clear absence of all jurisdiction, which she did not do. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Second, Eleventh Amendment immunity barred the claims against the Denver Department of Human Services and its Adult Protection Unit, the University of Colorado Hospital, and state officials acting in their official capacity. Third, the claims against the city and county of Denver alleged violations by the employees of those entities, not the required showing that those entities had policies or customs causally linked to the alleged injury. *See City of Canton, Ohio v.*

---

[2] The Amended Complaint's caption mentions only nineteen, but its text also includes allegations against the Denver Probate Court Judge Elizabeth Leith.

7

*Harris*, 489 U.S. 378, 385-86 (1989). Fourth, the claims against the mayor of Denver and the directors of the Department of Human Services and its Adult Protection unit did not allege the required personal participation, exercise of control or direction, or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Fifth, Mr. Harold's claims against non-state actors did not adequately allege state action. A person who has allegedly deprived a victim of federal constitutional rights must have been acting under color of state law to be a proper § 1983 defendant. *Connecticut v. Gabbert*, 526 U.S. 286, 290 (1999). If private conduct has caused the alleged violation in a § 1983 action, the conduct must be "fairly attributable" to the State. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The conduct may be by a state official or by someone who "has acted together with or has obtained significant aid from state officials" or may be "otherwise chargeable to the State." *Id.* A plaintiff seeking to tie private conduct to state action must make more than conclusory allegations—the plaintiff must plead "facts tending to show agreement and concerted action" between the private and state actors. *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). The district court found that Mr. Harold did not do so when he named as defendants three organizations (Quality Partners Health Care Services, LLC, Vivage Quality Health Care Partners, and Highline Rehabilitation and Care Community) and seven people (Derric Montano, Stacy Gibbs, Erin Egan, Lisa DiPonio, Jeffrey Richardson, Rebecca Parker, and Tammy Montgomery). Instead, Mr. Harold made conclusory allegations that are insufficient to support a § 1983 claim.

8

Sixth, Mr. Harold's claims against Kim Russell, the Denver County Human Services worker assigned to his wife's case, alleged acts that were "inextricably intertwined" with state-court proceedings and thus were barred by the *Rooker-Feldman* doctrine, *see Campbell*, 682 F.3d at 1282, or simply failed to allege constitutional violations. Seventh, Mr. Harold's claims against David Bernhart, Jr., an attorney for the Denver Department of Human Services, also failed under the *Rooker-Feldman* doctrine.

In his appellate brief, Mr. Harold provides little legal argument against the district court's dismissals. He mostly repeats his allegations and states that they are sufficient for the case to go forward. As best we can tell, though, he does present two specific arguments. He argues that he needs no special paperwork to bring claims on behalf of his wife, and that the private healthcare provider defendants acted under color of law because they were subject to federal Medicare and Medicaid laws and associated state rules and laws. Mr. Harold provides no legal backing for either argument, but considering his pro se status, we will examine them.

Mr. Harold argues that he needs "no special paperwork or documents" to assert claims on behalf of his wife. Appellant Br., Attachment at 2. He is mistaken. A federal § 1983 lawsuit is not a substitute for a state claim. Section 1983 remedies are "to the party injured." 42 U.S.C. § 1983. The estate of a deceased victim must be the one to bring suit. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1506-07 (10th Cir. 1990). No one disputes that Ronald Harold was Olive Harold's husband, but Mr. Harold must still show that he is the personal representative of her estate if he seeks to bring federal § 1983 claims on her behalf.

Next, Mr. Harold argues that government regulation and funding of the private healthcare actors involved in his case suffice to satisfy § 1983's color-of-law requirement. This is not so. Neither being subject to government regulation, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), nor being totally dependent on government contracts and funds, *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982), makes a private company's acts under the color of state law. Mr. Harold's private healthcare defendants do not qualify as state actors.

Mr. Harold has repeatedly failed to present claims that fulfill the requirements of a § 1983 action, and his arguments on appeal do not change that. After Mr. Harold's multiple chances to amend his Complaint, we cannot say that the district court abused its discretion in concluding that further amendment would be futile. The district court was right to dismiss the claims with prejudice.

**D.      Medical Records**

Mr. Harold also appears to challenge the magistrate judge's May 2016 order denying him access to his wife's medical records. We review pretrial discovery rulings for an abuse of discretion. *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 590 (10th Cir. 2007). At the time of the denial, Mr. Harold had yet to establish that he had any non-frivolous claims. The magistrate judge did not abuse his discretion in finding that, given the early status of the case and legitimate doubts about whether Mr. Harold would be able to state any valid claim, ordering the release of medical records would have been premature.

10

**E. IFP Status**

Mr. Harold was initially granted leave to proceed IFP in this action. But on appeal, after the district court found all his claims frivolous, it denied him IFP status. Further, the district court certified that any appeal taken from its denial of Mr. Harold's claims would not be in good faith. *See* 28 U.S.C. § 1915(a)(3). Mr. Harold appealed anyway, and filed a motion to proceed IFP. Even a party who has been certified as not appealing in good faith can request IFP status on appeal so long as he shows both a financial inability to pay and a reasoned, nonfrivolous argument, and follows the procedure mandated by Fed. R. Civ. P. 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).[3] But we agree with the district court that Mr. Harold has not shown the existence of a reasoned, nonfrivolous argument and so he cannot proceed IFP.

**CONCLUSION**

We affirm the district court's denials of Mr. Harold's requests for appointed counsel, a time extension, and his wife's medical records. And because Mr. Harold, despite repeated opportunities, has set forth no claim that fulfills all the requirements that § 1983 demands, we must affirm the district court's dismissal with prejudice of his

---

[3] "Upon its face, § 1915(a)(3) would appear to foreclose our consideration of [a motion to proceed IFP]; its mandatory language denies the availability of an appeal in forma pauperis upon the district court's certification of a lack of good faith, and it provides no escape hatch of appellate review or reconsideration. Federal Rule of Appellate Procedure 24(a)(5), on the other hand, purports to expressly permit our consideration of [such] a motion . . . . The palpable conflict between these provisions is resolved in favor of the procedures dictated by Rule 24(a)(5), by virtue of the fact that its most recent reenactment postdates that of § 1915(a)(3)." *Rolland*, 497 F.3d at 1078.

claims as legally frivolous, and deny him IFP status.

Entered for the Court


Gregory A. Phillips
Circuit Judge

12