**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANTHONY JEROME KEE,

    Plaintiff - Appellant,

v.

RICK RAEMISCH; LT. FELZIEN; SGT.
MARS; CO GUMP; TRAVIS TRANI;
WARDEN ROMERO; JAMES OLSEN;
ANTHONY DECESARO; JACOB
KIRKLAND; MICHAEL SHERWOOD;
CHRISTOPHER HIGGINS; SGT.
WILSON; SGT. CHRUTCHER; CO
PREDMORE; CO LAZONO; CO
BAKER; CO SHUMATE; CO STROUP;
SGT. CAMMACHO; CO HUDSON; CO
JORDAN; CO HARVARD; CO
PASSERO; CO MARTINEZ; CO
VIGHIL; SGT. WOJOWSKI; SGT.
MONTONANO; CO TRUJILLO; CO
REED; CO HARRIS; CO WERTZ; CO
KELLY; DR. HUGHES; JANE DOE,
Dentist; OTHER CDOC EMPLOYEES,

    Defendants - Appellees.

No. 18-1467
(D.C. No. 1:17-CV-00264-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

_____

Anthony Kee, a Colorado inmate appearing pro se,[1] commenced this action under 42 U.S.C. § 1983 against various officials of the Colorado Department of Corrections (CDOC). After dismissing numerous claims and defendants under 28 U.S.C. § 1915(e)(2)(B)(i), the district court granted summary judgment for the remaining defendants under 42 U.S.C. § 1997e based on a failure to exhaust administrative remedies. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

On December 3, 2014, Kee told Betty Deal, his case manager at the Sterling Correctional Facility (SCF), he was concerned for his safety, but he refused to give any details. Deal relayed this to the Office of Intelligence, which responded that Kee needed to provide more details. Deal also told Lt. Felzien, who oversaw inmate housing. Felzien met with Kee, but Kee expressed no concerns. Nevertheless, Felzien told Deal the facility should monitor Kee. On February 1, 2015, Kee was moved to another housing pod and, that same day, was involved in a fight with three inmates, for which he was disciplined due to his use of a weapon.

Thereafter, Kee filed several grievances under CDOC's Administrative Regulation (AR) 850-04, which provides a three-step process for inmate grievances. First, an inmate must file a Step 1 grievance within thirty days of when he knew, or

---

[1] "Because [Kee] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

should have known, of the underlying facts. If unsatisfied with the result, the inmate must file a Step 2 grievance within five days of receiving the written response; if unsatisfied with the result of Step 2, the inmate must file a Step 3 grievance within five days of receiving the written response. If a grievance is denied on procedural grounds,[2] CDOC will certify the inmate failed to exhaust the grievance process.

From June 2015 to February 2016, Kee submitted several grievances alleging, *inter alia*: (1) CDOC staff failed to protect him in connection with the February 2015 assault; (2) CDOC staff verbally harassed him and contaminated his meals and hygiene products with an unspecified chemical agent; (3) CDOC staff retaliated against him for filing grievances; (4) CDOC medical personnel provided inadequate care for his pain related to the alleged tampering of his food and hygiene products; (5) CDOC grievance officers inadequately investigated the grievances; and (6) CDOC supervisors provided inadequate oversight and training. CDOC denied all of the grievances on procedural grounds and certified them as not exhausted, except for the one concerning medical care, which CDOC denied on the merits.

On January 27, 2017, Kee initiated this § 1983 action. In his Second Amended Complaint, he named thirty-four defendants and raised three Eighth Amendment

---

[2] Examples include denials for untimeliness as well as "if the grievance is incomplete, inconsistent with a former step, incomprehensible, illegible, requests relief that is not available, fails to request relief, or in any other way fails to comply with the provisions of AR 850-04," R. Vol. 2 at 162 (brackets and internal quotation marks omitted), including formatting requirements, such as "fit[ing] into space provided" and containing "only one line of dialogue" in each "lined space of the grievance form," *id.* at 163 (brackets and internal quotation marks omitted).

claims, a First Amendment retaliation claim, and a conspiracy claim. In reviewing for frivolity, the district court dismissed Kee's claims except: (1) an Eighth Amendment failure-to-protect claim against Felzien; (2) an Eighth Amendment cruel-and-unusual-punishment claim against Sgt. Marrs[3] and Correctional Officer Gump; and (3) a First Amendment retaliation claim against Marrs and Gump.

On November 1, 2018, a magistrate judge acting on the parties' consent, *see* 28 U.S.C. § 636(c)(1), granted summary judgment in favor of Felzien, Marrs, and Gump on the ground that Kee failed to exhaust his administrative remedies. The court denied Kee's motion for reconsideration. Kee timely brought this appeal.

## DISCUSSION

Kee contends the district court erred in (1) dismissing the bulk of his Second Amended Complaint as frivolous; (2) denying his request for appointment of counsel; (3) denying his request for third-party records; and (4) granting summary judgment on grounds of non-exhaustion.

## I.     Order of Dismissal

Kee first contends the district court erred in dismissing much of his Second Amended Complaint as frivolous. We disagree.

---

[3] Although the caption above, which is based on the district court's caption, spells the Sergeant's name as "Mars," we base our spelling on Marrs's signed affidavit. R. Vol. 1 at 235-39.

### A. District Court Rulings

#### i. Eighth Amendment – Failure to Protect

As the district court described the Eighth Amendment failure-to-protect claim, Kee alleged "he was attacked by other inmates a few hours after being moved to a new pod by Defendant Felzien, who allegedly ignored [Kee]'s expressed concerns about his safety in the new housing assignment." R. Vol. 1 at 93. The court found the allegations against Felzien were sufficient to proceed. However, because Kee did "not allege any facts demonstrating that any other Defendant personally participated in the decision to move [Kee] to a new pod," *id.*, the court dismissed as frivolous the claim to the extent it was against any other defendant.

#### ii. Eighth Amendment – Cruel and Unusual Punishment

For his Eighth Amendment cruel-and-unusual-punishment claim, Kee alleged CDOC staff contaminated his food and hygiene products with cleaning products or a chemical agent, which caused his "mouth to burn and blister and his skin to rash and peel." *Id.* at 94 (internal quotation marks omitted). The only specific incident he alleged was "that on August 15, 2015, he experienced burning and pain in his mouth, esophagus, and stomach after eating the meal tray provided by Defendant Gump, and that Defendant Mars [sic] intentionally turned off his water supply for an hour and a half." *Id.* The court allowed the claim against Marrs and Gump to proceed but dismissed as frivolous the claim against the other defendants because the allegations against them were "[v]ague and conclusory" and failed to show they "personally participated in the alleged tampering." *Id.* at 95.

### iii. Eighth Amendment – Deliberate Indifference to Medical Needs

For his Eighth Amendment deliberate-indifference claim, Kee alleged that he told Dr. Hughes and "Jane Doe, Dentist," about CDOC staff contaminating his food and hygiene products but that "they failed to perform appropriate testing and provide adequate treatment for his pain and suffering from the tampered food and hygiene." *Id.* (internal quotation marks omitted). Kee conceded "medical services did perform testing (9/16/15, 10/19/15, 10/27/15)"[4] and "he was placed on several medications to treat his stomach and intestinal pain on November 17, 2015," but he complained that the testing "was for conditions that [he] never complained of (STD's [and] food allergies), which results were negative," that the "treatment was not timely," and that he was denied referral to "a specialist." *Id.* at 96 (internal quotation marks omitted). The court found the allegations did "not support an arguable deliberate indifference claim," citing settled law that "medical malpractice, negligence, and a prisoner's disagreement with medical providers concerning his particular care are insufficient to support an Eighth Amendment violation." *Id.* at 97.

### iv. Eighth Amendment – Supervisory Liability

For his Eighth Amendment supervisory-liability claim, Kee alleged several named defendants (1) "failed to implement a policy that would protect [him] from abuse and ensure that he received adequate medical treatment"; (2) failed to properly "investigate[] his complaints of prisoner abuse that he raised in grievances and phone

---

[4] CDOC's response to the grievance addressing medical care also indicated he was seen by a medical provider on August 19, September 2, and September 29, 2015.

6

messages to the Colorado Bureau of Investigation"; and (3) "failed to properly train and supervise their subordinates." *Id.* at 97. The district court dismissed the claim as frivolous because (1) Kee's "vague and conclusory allegations" were insufficient to "demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind," as necessary for supervisory liability; and (2) "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation." *Id.* (internal quotation marks omitted).

### v. First Amendment – Retaliation

For his First Amendment retaliation claim, Kee alleged CDOC staff retaliated against him for filing grievances alleging staff misconduct. Specifically, he alleged Lt. Higgins and Sgt. Wilson verbally harassed him, whistled at him, and encouraged other inmates to whistle and make loud noises to disturb him. Kee also alleged CDOC staff would disrupt his telephone calls, leave his cell door open when he was not there, and contaminate his food and hygiene products. The district court allowed the retaliation claim to proceed against Marrs and Gump. But the court found the allegations against Higgins and Wilson insufficient. The court also dismissed as frivolous the claim against other named defendants because Kee failed to sufficiently allege personal participation.

### vi. Conspiracy

For his conspiracy claim, Kee alleged (1) certain CDOC staff conspired "to harass and abuse" Kee; and (2) other members of CDOC staff conspired to derail his

7

grievances and obstruct his "efforts to receive outside assistance." *Id.* at 101

(internal quotation marks omitted). The court dismissed the claim as frivolous

because Kee failed to allege "specific facts that show agreement and concerted action

by the defendants." *Id.* (citing *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000)).

The court also found Kee failed to allege personal participation to the extent the

claim was based on some of the defendants' "supervisory responsibilities." *Id.*

### vii. Other matters

Finally, the court dismissed: (1) any claims against any other defendants due to

lack of allegations of personal participation, noting Kee had not included "factual

allegations regarding every listed Defendant"; and (2) any claims for money damages

against defendants in their official capacities as barred by sovereign immunity. *Id.* at

102.

### B. Discussion

"We generally review a district court's dismissal for frivolousness under

§ 1915 for abuse of discretion," unless "the frivolousness determination turns on an

issue of law," in which case our review is de novo. *Fogle v. Pierson*, 435 F.3d 1252,

1259 (10th Cir. 2006).[5] A claim is frivolous when "it lacks an arguable basis either

in law or in fact." *Id.* (internal quotation marks omitted). In determining whether a

---

[5] Because the 1995 Prison Litigation Reform Act amended the statute to require, rather than permit, dismissal for frivolousness, we have questioned whether the standard is now de novo instead of abuse of discretion. *See Harold v. Univ. of Colo. Hosp.*, 680 F. App'x 666, 671 n.1 (10th Cir. 2017). However, because Kee's claims fail under either standard, we need not resolve this issue.

8

complaint is frivolous, the "factual allegations must be weighted in favor of the plaintiff," but we are not bound by the usual rule that we must accept the allegations in the pleadings as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

On appeal, Kee has not contested the district court's ruling on his failure-to-protect claim, and therefore, we decline to address it. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived."). As for the other claims, we find no error. The court properly found Kee failed to allege sufficient facts to show personal participation by many of the named defendants. *See Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005) ("Liability under § 1983 requires personal participation in the unlawful acts."). The court also properly found many allegations were vague and conclusory, and we have long held, even with pro se complaints, a court "should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). For many claims, Kee relied on speculation; for others, his own exhibits defeated his claims.[6]

_____

[6] For example, his exhibits belie any notion of deliberate indifference to his medical needs. CDOC's responses to Kee's grievance addressing his medical care noted the numerous appointments he received, the findings from those examinations, and the statements Kee made to the medical providers. Similarly, the written medical requests Kee submitted show CDOC promptly responded, scheduled appointments, and provided treatment. This case, thus, stands in stark contrast to the case that Kee cites, which involved a prison nurse "ignor[ing] [an inmate's] repeated complaints of severe abdominal pain and requests for medical assistance, thus completely denying [the inmate] any medical care although presented with recognizable symptoms which

9

On appeal, Kee has offered conclusory arguments and nonsequiturs but no viable arguments, and it is not our role to "manufacture" one, *United States v. Powell*, 767 F.3d 1026, 1037 (10th Cir. 2014). Having reviewed the record, we affirm the dismissal for substantially the same reasons as the district court.

## II. Appointment of Counsel

Next, Kee contends the district court erred in denying his request for counsel. The record does not support his claim.

Although civil litigants "ha[ve] no Sixth Amendment right to counsel[,] . . . a court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). We review the denial of a civil litigant's request for counsel for an abuse of discretion. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances" or "issue[d] an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (internal quotation marks omitted).

Contrary to his assertions, the court *granted* Kee's motion for appointment of counsel. However, the court cautioned that there may not be any counsel willing and able to accept the appointment and that, as such, Kee remained responsible for his

---

potentially create[d] a medical emergency." *Al-Turki v. Robinson*, 762 F.3d 1188, 1195 (10th Cir. 2014) (last alteration in original) (internal quotation marks omitted).

case unless and until counsel was appointed. After nearly six months of a fruitless search, the court entered an order informing Kee that the clerk's office had exhausted all efforts to find conflict-free counsel willing to accept the appointment and that Kee would need to proceed pro se. Kee later submitted a letter, reiterating his request for legal assistance, which the court construed as another motion for appointment of counsel. The court denied the motion, reminding Kee the court had "already attempted to locate conflict-free volunteer counsel." R. Vol. 1 at 244.

Although Kee contends he should have had the assistance of counsel, he has not argued the district court in any way abused its discretion, and we discern no such abuse. The court granted his request but was unable to find an attorney to take the case, and Kee was not constitutionally entitled to counsel, *see Johnson*, 466 F.3d at 1217. Accordingly, Kee's argument is without merit.

## III. Discovery Rulings

Kee next contends the district court erred in denying his discovery requests for third-party records. The record does not support Kee's claim.

"We review the district court's discovery decisions for abuse of discretion and will reverse only if [Kee] makes a clear showing that the denial of discovery resulted in actual and substantial prejudice." *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1309 (10th Cir. 2014) (footnote and internal quotation marks omitted).

Through a series of discovery-related filings, Kee sought any documents created by CDOC concerning complaints he made to the Colorado Bureau of Investigation (CBI) as well as any communications from CBI to CDOC about Kee.

11

To the extent any such documents and communications existed, the district court correctly noted Kee had not established the documents or communications were in the "possession, custody, or control" of the three remaining defendants—Felzien, Marrs, and Gump. R. Vol. 2 at 7. The court, thus, informed Kee he needed to "follow the procedures outlined in Fed. R. Civ. P. 45" if he wanted "to conduct third-party discovery." *Id.* The record does not show that Kee ever attempted to have a subpoena issued to CDOC or CBI. Although he later filed a discovery request, seeking, *inter alia*, the names of records custodians at CDOC and CBI, the court denied the request for several reasons, including that it was beyond the discovery deadline, which the court had already extended once at Kee's request.

Kee has failed to demonstrate the district court erred. He also cites no authority for his suggestion that defense counsel should have subpoenaed and obtained the third-party records for him. *See* Aplt. Opening Br. at 40. He also cites no authority for his assertion that pro se inmates lack "the access and ability to obtain the information necessary to secure material evidence from a 3rd party." *Id.* Indeed, the only case he cites shows it *can* be done. *See id.* (citing *Allen v. Woodford*, 543 F. Supp. 2d 1138 (E.D. Cal. 2008)). Having thoroughly reviewed the record, we find neither an abuse of discretion nor prejudice.[7]

---

[7] Kee also contends in his reply brief that the court erred in permitting the defendants to redact certain discovery materials. However, "[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," and "[w]e see no reason to depart from that rule here." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks omitted).

## IV. Order Granting Summary Judgment

Finally, Kee contends the district court erred in granting summary judgment on the grounds that he had failed to exhaust his administrative remedies. We disagree.

This court "review[s] summary judgment decisions de novo," "view[ing] the evidence and draw[ing] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Talley v. Time, Inc.*, 923 F.3d 878, 893 (10th Cir. 2019) (internal quotation marks omitted). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material only if it might affect the outcome of the suit under governing law. And a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1265-66 (10th Cir. 2015) (citation and internal quotation marks omitted). If the movant "demonstrate[es] the absence of a genuine issue of material fact," the nonmovant must then "set forth specific facts from which a rational trier of fact could find for the nonmovant." *Talley*, 923 F.3d at 893 (internal quotation marks omitted). The nonmovant cannot rely on unsupported conclusory allegations. *See Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This

requires "proper exhaustion, . . . which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) (noting "prisoners must complete the administrative review process in accordance with the applicable procedural rules," such as "[t]he level of detail necessary in a grievance," where such rules are "defined not by the PLRA, but by the prison grievance process itself" (internal quotation marks omitted)). "[S]ubstantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (noting "[a]n inmate who begins the grievance process but does not complete it" has not "exhaust[ed] his administrative remedies").

Here, the district court found Kee's Eighth Amendment failure-to-protect claim against Felzien was not exhausted because the only grievance underlying the claim was denied as untimely. The court found Kee's Eighth Amendment cruel-and-unusual-punishment claim against Marrs and Gump was not exhausted because the only grievance underlying that claim also was denied as untimely. Finally, the court found the First Amendment retaliation claim against Marrs and Gump was not exhausted because the grievances that included allegations on this topic were denied on procedural grounds, such as seeking a remedy not available under AR 850-04 or being untimely, vague, or duplicative.

On appeal, Kee does not dispute the district court's determination that he failed to exhaust his administrative remedies. Instead, he contends his failure to exhaust should be excused because the remedies were not truly available.[8]

"[T]he exhaustion requirement hinges on the availability of administrative remedies . . . ." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (brackets and internal quotation marks omitted). In *Ross*, the Court identified "three kinds of circumstances" when an administrative remedy is not available to prisoners: (1) "when (despite what regulations or guidance materials may promise) [an administrative procedure] operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because it is "so opaque" or "so confusing"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60 (internal quotation marks omitted).

---

[8] Kee argues in his reply brief that his claims were, in fact, exhausted, on the grounds that (1) the grievance concerning his medical care, which CDOC denied on the merits, referenced the alleged contamination of his food and hygiene products, *see* Aplt. Reply Br. at 2-6; and (2) he "utilized other (CDOC) approved procedures in his attempts to get help," including the "Emergency Grievance Procedure" and the "Tipsline Procedure," *id.* at 9. The record indicates the alleged "Tipsline Procedure" was for matters related to "prohibited sexual behavior," R. Supp. 3 at 12, 14, 16, 18, 19, which was not at issue here. Regardless, Kee did not raise these arguments in his opening brief, and therefore, they are waived. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

Kee first contends his failure to exhaust should be excused because CDOC staff harassed and intimidated him and because of "irregularities and misrepresentations" in the processing of his grievances.[9] Aplt. Opening Br. at 36-37. For this exception, Kee needed to "produce specific facts that show there is a genuine issue of fact as to whether (1) the threat, machination, or intimidation actually did deter him from lodging a grievance and (2) the threat, machination, or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance." *May v. Segovia*, 929 F.3d 1223, 1235 (10th Cir. 2019) (brackets and internal quotation marks omitted); *see also Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (noting both a subjective prong—that the inmate was actually thwarted—and an objective prong—that a reasonable inmate would have been thwarted). Kee has not satisfied the subjective prong because he has not shown he was ever "deter[red] . . . from lodging a grievance." *May*, 929 F.3d at 1235. Indeed, the sheer number of his grievances belies such a claim. Kee has failed to satisfy this exception to exhaustion.

Next, Kee contends the administrative process was not available because "it operate[d] as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Aplt. Opening Br. at 38. His conclusory assertion is insufficient to establish CDOC's prison grievance system was a dead end. There is no evidence in the record regarding other "aggrieved inmates," *id.*, and the

---

[9] Kee asserts CDOC made mistakes in handling his first grievance, but none of his allegations undermine CDOC's determination that the grievance was untimely.

16

record shows CDOC did investigate Kee's claims, when he properly presented them. For example, in responding to Step 1 of his first grievance, in which Kee complained CDOC failed to protect him from other inmates, CDOC reviewed his records and noted (1) he lived at that facility for almost three years without incident; and (2) when he reported his safety concerns in December 2014, he said he was "not a snitch" and refused to "give any details." R. Supp. 1 at 50. Similarly, with the first two steps of his grievance regarding his medical care, which CDOC did not deny on procedural grounds, CDOC reviewed Kee's medical records, noting the providers' findings and the statements he made to the providers. This belies his suggestion that his claims were not meaningfully investigated. To the extent CDOC did not investigate more, that often was the result of Kee's failure to provide details in his grievances. Kee, thus, has failed to satisfy this exception.

Although he has failed to show that any of the circumstances identified in *Ross* apply to his grievances, Kee offers two additional arguments for why his failure to exhaust should be excused. First, he insists he "was diligent with his efforts to exhaust remedies," noting some of his grievances were denied as untimely for being only one day late. Aplt. Opening Br. at 38. However, this is effectively a claim of substantial compliance, which we have rejected. *See Fields*, 511 F.3d at 1112.

Additionally, Kee contends "[t]he Court errored [sic] when it allowed the Defendants to use affidavit statements to support the exhaustion claim." Aplt. Opening Br at 39. However, he offers no explanation of how the court erred or how it impacted the exhaustion analysis. To the extent he elaborates in his reply brief that

17

the affidavits contained "false information" concerning CDOC's staff's ability to monitor or disrupt inmate phone calls, Aplt. Reply Br. at 8, such an assertion has no bearing on the *procedural* grounds for the denial of that particular grievance, which included: (1) the remedy sought (staff discipline) was not available under AR 850-04; and (2) Kee violated the formatting requirements by writing outside the designated space. *See* R. Supp. 1 at 65. Accordingly, Kee's argument is without merit.

## CONCLUSION

The judgment of the district court is affirmed. We grant Kee's motion to proceed without prepayment of fees but remind him of his continuing obligation to make partial payments until the filing fee has been paid in full. All other pending motions are denied.

Entered for the Court

Terrence L. O'Brien
Circuit Judge